Dear Secretary Ankner:
You have asked the opinion of this office as to whether the legislature may make a general fund appropriation to the Department of Transportation and Development ("DOTD") Transportation Trust Fund ("TTF") for the purpose of reimbursing monies expended, but not collected, through the Utility Relocation Assistance Funding program. You further ask whether such an appropriation will forgive the debt owed to DOTD by utility owners who received assistance through the program and negate DOTD's obligation to make reasonable efforts to recover the outstanding amounts. According to your request letter, the outstanding amounts total approximately $24,000,000.
Background:
The Utility Relocation Assistance Funding program ("URAF") was established in accordance with R.S. 48:381, Use and Occupancy of Highways, to provide financial assistance to local utility companies who are required to remove or relocate their utility installations from state highway rights-of-way, when such removal or relocation is necessary to allow the widening, relocation or other improvement of the highways. Section 381, paragraph (A) authorizes DOTD to issue permits for the installation, operation and maintenance of pipes, conduits, cables, wires, and the appropriate supporting structures, for transporting or conveying fluids, telephone or cable signals, gases or electric current on state highway rights-of-way. Section 38, paragraph (C) provides that no installation may be made except on the explicit condition that the owner of the installation shall, at no cost to DOTD, remove or relocate the installation, when it is necessary to allow the widening, relocation or other improvement of the highway. *Page 2 
Paragraph C also contains exceptions to this explicit condition, and the one relevant to the URAF program is found in Section 381(C)(1)(2)(a), which provides as follows:
 (2)(a) However, in such instances where a municipality, parish, or special district created by or pursuant to law or a nonprofit water corporation or nonprofit gas district owns a utility installation, and it is necessary to remove or relocate such installation for the construction, repair, widening, relocation, or improvement of a state or an interstate highway, and a public accountant, the Department of Transportation and Development, or the entity's private certified public accountant, after an examination of the books of such municipality, parish, special district, nonprofit water corporation, or nonprofit gas district, certifies that unencumbered funds are not available out of the accumulated unreserved earnings generated by the utility for payment for the removal or relocation of the utility installation, the department may contract itself for the proposed work to the utilities. [Emphasis added]
In accordance with R.S. 48:381 (C), DOTD promulgated rules to allow publically owned and non-profit utilities meeting statutory criteria (italicized above) to apply for assistance. These rules are found in Title 70, Chapter 3 of the La. Administrative Code, entitled Utility Relocation Assistance Funding, [1] and provide that URAF funding is neither a loan nor a grant and no interest is charged on the funds, but the utility must repay the money eventually or it will not be allowed to locate its facilities on highway right-of-way. In order to qualify for URAF funds, a utility must be owned by a governmental body or be a non-profit utility and be financially unable to bear its share of the adjustment expense. If a utility is eligible for URAF funds, it must execute a URAF agreement with DOTD, which requires the repayment of the funds.
1. May the legislature make a general fund appropriation to theDepartment of Transportation and Development ("DOTD") TransportationTrust Fund ("TTF") for the purpose of reimbursing monies expended, butnot collected, through the Utility Relocation Assistance Funding("URAF") program.
The legislative power of the state is vested in the Legislature.La.Const. Art. III, Sec. 1. Except as expressly provided by the constitution, no other branch of government, nor any persons holding office in one of them, may exercise the legislative power. La.Const.Art. II. Sections 1 and 2. Furthermore, it is a general principle of judicial interpretation that, unlike the federal constitution, a state constitution's provisions are not grants of power but instead are limitations on the otherwise plenary power of the people of a state exercised through its Legislature. In its exercise of the entire legislative power of the state, the Legislature may enact any legislation that the state constitution does not prohibit. Board of Commissioners v.Dept. of Natural Resources, 496 So.2d *Page 3 281, 286 (La. 1986); New Orleans Firefighters Association v. CivilService Commission of City of New Orleans, 422 So.2d 402, 406 (La. 1982);State ex rel Guste v. Legislative Budget Committee, 347 So.2d 160, 164(La. 1977).
Based on the above law, we begin our analysis with the presumption that the legislature may make a general fund appropriation to reimburse the TTF. We must then determine whether any constitutional provisions limit that power. We direct your attention to the following constitutional provisions.
La.Const. Art. III, Sec. 16 pertains to legislative appropriations, and provides as follows:
La.Const. Art. III, Section 16. Appropriations
 (A) Specific Appropriation for One Year. Except as otherwise provided by this constitution, no money shall be withdrawn from the state treasury except through specific appropriation, and no appropriation shall be made under the heading of contingencies or for longer than one year.
 (B) Origin in House of Representatives. All bills for raising revenue or appropriating money shall originate in the House of Representatives, but the Senate may propose or concur in amendments, as in other bills.
 (C) General Appropriation Bill; Limitations. The general appropriation bill shall be itemized and shall contain only appropriations for the ordinary operating expenses of government, public charities, pensions, and the public debt or interest thereon.
 (D) Specific Purpose and Amount. All other bills for appropriating money shall be for a specific purpose and amount.
 (E) Extraordinary Session. Except for expenses of the legislature, a bill appropriating money in an extraordinary session convened after final adjournment of the regular session in the last year of the term of office of a governor shall require the favorable vote of three-fourths of the elected members of each house.
Section 16 contains limitations, in the form of requirements, to the general powers of the legislature to appropriate public funds. Paragraph (C), in particular, provides limitations specific to general fund appropriations. We find nothing in Section 16 that limits or prohibits the legislature from appropriating general fund monies to the TTF.
The second provision in our analysis is La.Const. Art. VII, Sec. 27, which establishes the Transportation Trust Fund and provides, in pertinent part, as follows: *Page 4 La.Const. Art. VII, Sec. 27. Transportation Trust Fund
 (A) Creation of fund. Effective January 1, 1990, there shall be established in the state treasury as a special permanent trust fund the Transportation Trust Fund ("the trust fund") in which shall be deposited the "excess revenues" as defined herein which are a portion of the avails received in each year from all taxes levied on gasoline and motor fuels and on special fuels (said avails being referred to as the "revenues") as provided herein.
 * * *
 (B) The monies in the trust fund shall be appropriated or dedicated solely and exclusively for the costs for and associated with construction and maintenance of the roads and bridges of the state and federal highway systems, the Statewide Flood-Control Program or its successor, ports, airports, transit, state police for traffic control purposes, and the Parish Transportation Fund or its successor and for the payment of all principal, interest, premium, if any, and other obligations incident to the issuance, security, and payment in respect of bonds or other obligations payable from the trust fund as authorized in Paragraph (D) hereof. Unless pledged to the repayment of bonds authorized in Paragraphs (C) or (D) of this Section, the monies in the trust fund allocated to ports, airports, flood control, parish transportation, and state highway construction shall be appropriated annually by the legislature only pursuant to programs established by law which establish a system of priorities for the expenditure of such monies,. . .
This section, in addition to establishing the TTF, delineates the monies that must be deposited in the fund, and defines the sole and exclusivepurposes for which trust fund monies may be used. While this Section mandates that certain funds be deposited in the TTF, it does not prohibit the legislature from appropriating additional monies for deposit in the TTF, be they from the general fund or elsewhere. Therefore, it is our opinion that the legislature may make a general fund appropriation to the TTF. We note, however, that once the appropriated funds are deposited into the TTF, they become trust fund monies are subject to the exclusive uses mandated in Const. Art. VII, Sec 27, a mandate which cannot be altered by a legislative act.
2. May the legislature, through a general fund appropriation to theTTF, forgive the debts of utility owners who received URAF assistanceand negate DOTD's obligation to make reasonable efforts to recover theoutstanding amounts?
It is the opinion of this office that the legislature may not forgive the debts owed to DOTD, because it is prohibited from doing so in La.Const. Art. VII, Sec. 15, which provides as follows: *Page 5 
 La.Const. Art. VII, Sec. 15. Release of Obligations to State, Parish, or Municipality
 Section 15. The legislature shall have no power to release, extinguish, or authorize the releasing or extinguishing of any indebtedness, liability, or obligation of a corporation or individual to the state, a parish, or a municipality. However, the legislature, by law, may establish a system under which claims by the state or a political subdivision may be compromised, and may provide for the release of heirs to confiscated property from taxes due thereon at the date of its reversion to them.
Section 16 is a limitation on the general powers of the legislature. The legislature may not enact legislation that forgives or releases debts owed to the state. It is, therefore, the opinion of this office that the legislature may not forgive the debts owed to DOTD through a legislative appropriation. We note, however, that Section 15 does allow the legislature, by law, to establish a system under which claims by the state may be compromised.
It is also the opinion of this office that DOTD must make reasonable attempts to recover amounts they are owed. This office has consistently opined that Art. VII, Sec. 14, which prohibits the donation of public funds, requires public agencies to make reasonable attempts to collect the amounts they are owed. See Attorney General Opinion Nos. 03-0444, 05-0448 and 05-0082.
We trust this adequately addresses your concerns. Should you have any further questions, please do not hesitate to contact our office.
With kindest regards, I remain,
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 Attorney General
 ______________________
 DENISE BROU FITZGERALD
 Assistant Attorney General
 JDC:DBF:lbw
[1] LAC 70:301 and 302.